IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACEY LIBERTY, )<br>Administrator of THE ESTATE OF )<br>ANTWOYNE JOHNSON, )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>THE CITY OF CHICAGO, a municipal )<br>corporation, and UNKNOWN )<br>CHICAGO POLICE OFFICERS, )<br>)<br>    **Defendants.** ) | Case No: |

**COMPLAINT**

NOW COMES the Plaintiff, STACEY LIBERTY, in her individual capacity as surviving mother and as Administrator of the Estate of ANTWOYNE JOHNSON, DECEASED, and LAMARIUS JOHNSON and ANTWOYNE JOHNSON JR., minor children of ANTWOYNE JOHNSON, DECEASED, through their attorney, Sean Mulroney, and for their complaint against Defendants, CITY OF CHICAGO, and UNKNOWN CHICAGO POLICE OFFICERS, and state as follows:

**I. INTRODUCTION**

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

1

2. While the individual Defendants were acting in the scope of their employment and under color of state law, they made an unlawful stop of ANTWOYNE JOHNSON, DECEASED, that resulted in the use of excessive force against JOHNSON. The Defendants' actions caused injury and death to ANTWOYNE JOHNSON, DECEASED.

3. In committing the acts complained of herein, the individual Defendants acted under color of state law to deprive ANTWOYNE as alleged herein of certain constitutionally protected rights including, but not limited to: (a) the right to be free from unreasonable searches and seizures; (b) the right not to be deprived of liberty without due process of law; and (c) the right to be free from excessive use of force by persons acting under color of state law.

4. This action is also brought against Defendant CITY OF CHICAGO for its failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to effectuate an arrest, proper procedure for pulling over a motor vehicle, proper use of force, proper dispatch policy, and its establishment of policies, procedures, practices, and customs regarding arrests that result in the excessive use of force.

## II.  JURISDICTION AND VENUE

5. The jurisdiction of this court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiffs also invoke the supplemental jurisdiction of this court.

6. Venue is proper under Title 28 of the United States Code, Section 1391(b). The events described herein all occurred in this judicial district.

7. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

### III. PARTIES

8. ANTWOYNE JOHNSON, DECEASED (referred to below as Decedent), until the time of his death, was 25 years old and a resident of Chicago, Cook County, Illinois.

9. Lamarius Johnson, at the time of Decedent's death, was 5 years old, a resident of Chicago, Cook County, Illinois, the son of Decedent, and Decedent's next of kin.

10. Antwoyne Johnson, Jr., at the time of Decedent's death, was 5 years old, a resident of Chicago, Cook County, Illinois, the son of Decedent, and Decedent's next of kin.

11. Plaintiff, STACEY LIBERTY, is the surviving mother of Decedent, and the duly appointed, qualified, and acting Administrator of Decedent's estate, and as the grandmother, next friend, and natural guardian of minor plaintiffs, Lamarius Johnson and Antwoyne Johnson, Jr., the surviving children of Decedent. The above-named children, together with the above-named mother, constitute the Decedent's sole heirs at law.

12. Defendants, UNKNOWN CHICAGO POLICE OFFICERS ("Defendant Officers"), are, and at all relevant times were, residents and duly appointed and acting Chicago Police Officers employed by the City of Chicago Police Department, Cook County, Illinois, who were on duty, acting within the scope of their employment and under color of state law. Defendant Officers are being sued in their individual capacities.

13. Defendant, CITY OF CHICAGO ("City of Chicago"), is, and at all relevant times was, a municipal corporation organized and existing under the laws of the State of Illinois, located in Cook County, and the employer of Defendant Officers. Defendant City of Chicago is responsible for the training and supervision of all of the Defendants. The individual Defendants, and each of them, performed the acts alleged below for and in the name of Defendant City of Chicago.

14. Each and all of the acts of Defendant Officers were done by them, not as individuals, but by virtue of their authority as police officers of Defendant City of Chicago, and under color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. These individual Defendants were the servants, agents, and employees of Defendant City of Chicago, and their acts alleged below are, therefore, imputed to Defendant City of Chicago.

## IV.   FACTS

15. On or about June 15, 2013, Decedent was lawfully present inside a motor vehicle at the approximate location of 1600 South Springfield Avenue, in the City of Chicago, Cook County, Illinois.

16. On or about 2:45 a.m., on or about June 15, 2013, as the driver of the motor vehicle was looking for parking, a Chicago police car containing Defendant Officers pulled behind the vehicle and turned its lights on.

17. At the time described above, the driver of the motor vehicle was not speeding and had not violated any traffic laws.

18. Defendant Officers had no reasonable belief that Decedent had committed, or had attempted to commit, any forcible felony.

19. As the motor vehicle pulled over and stopped, Decedent exited the vehicle.

20. At the time described above, Defendant Officers did not witness Decedent breaking any city, county, state, or federal law.

21. At the time described above, Decedent was not in violation of any of the ordinances of the City of Chicago, the statutes of the State of Illinois, the statutes of the United States, and was not under arrest.

22. After exiting the vehicle, Decedent proceeded into a nearby alley.

23. Rather than completing their stop of the motor vehicle, Defendant Officers pulled around the now stopped vehicle and headed towards Decedent.

24. During the course of the encounter, Decedent was unarmed, non-dangerous, and non-threatening to Defendant Officers.

25. Decedent posed no immediate threat to Defendant Officers, or anyone else, in a manner that warranted the use of deadly force.

26. As they approached the alleyway, Defendant Officers directed their firearms toward Decedent and discharged their weapons multiple times, without any lawful cause or justification, shooting Decedent twice in the back and once in his raised hand, killing Decedent.

27. The wrongful and reckless misconduct of Defendant Officers described above was the direct and/or proximate cause of the severe injury and death of Decedent

28. At all relevant times, Defendant Officers owed a duty of reasonable care to Decedent in the performance of their duty not to commit unjustified or deadly use of force upon him.

29. After Defendant Officers shot and killed Decedent, they left Decedent laying face-down on the ground for an excessive amount of time, and did not offer Decedent any assistance.

30. While Decedent was lying face-down on the ground, the Defendant Officers never called for an ambulance.

31. Following the shooting death of Decedent, Defendant Officers attempted to conceal the nature and/or events surrounding Decedent's death by falsely accusing Decedent of engaging in conduct which could justify the killing.

5

32. The Defendant Officers were aware or should have been aware that there are special procedures, policies, and customs to be used so as to not unnecessarily harm or kill a member of the public. The failure to promulgate and properly implement such procedures, policies, or customs directly caused the use of excessive and unreasonable deadly force against Decedent.

33. Each of the Defendant Officers, individually, and in concert with the others, acted under color of state law and in his/her official capacity, to deprive Decedent of his right to freedom from unlawful arrest and unlawful use of force resulting in death. All of these rights are secured to Decedent by the Fourth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 of the United States Code, Sections 1983 and 1988.

34. At the time of the incidents alleged herein and before, Decedent was emotionally and physically healthy, active, and fully capable of engaging in and enjoying normal day-to-day activities. At the time of the incidents alleged herein and before, Decedent's family was emotionally and physically healthy, active, and fully capable of engaging in and enjoying normal day-to-day activities. Since the time of the unprovoked killing of Decedent, Decedent's family members have not been able to perform and enjoy their usual activities, including family and work-related activities. In addition, Decedent's family has suffered severe emotional distress and mental anguish affecting their psychological well-being as a result of their loss of society with Decedent.

35. As a direct and proximate result of the intentional and/or negligent acts of all of the Defendants, Decedent sustained severe mental and physical pain and suffering, and injury resulting in his death.

## V. CAUSES OF ACTION

### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983.
### (Use of Excessive Force)

36. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs

37. Decedent did not present a threat of harm, or a threat of death or great bodily harm, to Defendant Officers.

38. Decedent did not present a threat of harm, or a threat of death or great bodily harm, to himself or any other person.

39. Decedent was not a fleeing felon.

40. Defendant Officers had no reasonable belief that Decedent had committed, or had attempted to commit, any forcible felony.

41. During the course of detaining Decedent, Defendant Officers discharged their weapons multiple times towards Decedent, shooting him, which constituted an unjustified use of force, and an unjustified use of deadly force.

42. As a result of the wrongful actions by Defendant Officers, Decedent was shot and killed as a direct result of the injury.

43. Defendants had no legal cause or justification for the level of force used against Decedent.

44. The force used by Defendant Officers against Decedent was objectively unreasonable and unnecessary, subjecting Decedent to excessive force in violation of the Fourth Amendment to the Constitution of the United States.

45. The Defendant Officers' misconduct described herein was objectively unreasonable, willful and wanton, and was undertaken with malice and reckless indifference to Decedent's safety and constitutional rights.

46. The Defendant Officers' misconduct described herein was undertaken within the scope of their employment and their employer, Defendant City of Chicago, is liable for their actions.

47. Defendant City of Chicago has adopted policies, procedures, practices, or customs within the Chicago Police Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

48. As a result of the deliberate indifference to Decedent's rights by Defendant City of Chicago and its agents, servants, and employees, Decedent suffered serious personal injury resulting in death and Decedent's family has lost the benefit of his company, consortium, and companionship, and is entitled to relief under 42 U.S.C. § 1983.

## COUNT II
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (False Arrest)

49. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs

50. In violating Decedent's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless, illegal stop. The illegal and warrantless stop set into motion the chain of events that led to the use of excessive force by Defendants, in violation of Decedent's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

8

51. In committing the acts complained of herein, Defendant Officers acted under color of state law by falsely and without probable cause stopping the motor vehicle that Decedent was travelling in with no basis in fact or law to do so. In violating Decedent's right to be free from false arrest, the Defendant Officers violated Decedent's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

52. The Defendant Officers' misconduct, intentionally or with deliberate indifference and callous disregard of Decedent's rights, deprived Decedent of the right to be free from unreasonable searches and seizures.

53. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendant Officers, Decedent suffered serious personal injuries resulting in death and special damages as alleged in this complaint and are entitled to relief under 42 U.S.C. § 1983.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Unlawful Seizure)

54. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs.

55. Decedent was improperly seized and arrested without probable cause. Decedent was denied liberty without justification in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

56. Defendant Officers forcefully imposed an unlawful restraint upon Decedent's freedom of movement, to wit discharging their weapons into his backside three times.

57. This seizure was unreasonable within the meaning of the Fourth Amendment.

58. In committing the acts complained of herein, Defendant Officers under color of state law to deprive Decedent of his constitutionally protected rights under the Fourth Amendment of the United States Constitution.

59. As a direct and proximate result of the violation of Decedent's constitutional rights by Defendant Officers, Decedent suffered general and special damages as alleged in this complaint and is entitled to relief under 42 U.S.C. § 1983.

## COUNT IV
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Fourteenth Amendment Due Process – Deliberate Indifference)

60. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs

61. Defendant Officers violated Decedent's Fourteenth Amendment rights when they seized him and unlawfully deprived him of his freedom by shooting him in the back, using excessive deadly force, killing him, and then not providing medical care.

62. As described above, Defendant Officers were deliberately indifferent to Decedent's serious medical needs in that they had actual knowledge of the medical needs, but consciously and deliberately disregarded the risk by failing to take reasonable measures to address it.

63. In committing the acts complained of herein, Defendant Officers acted under color of state law to deprive Decedent of his constitutionally protected rights under the Fourteenth Amendment, specifically, the right not to be deprived of liberty without due process of law.

64. As a direct and proximate result of the violation of Decedent's constitutional rights by Defendant Officers, Decedent suffered general and special damages as alleged in this complaint and is entitled to relief under 42 U.S.C. § 1983.

## PRAYERS FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.
2. That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.
3. That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for physical and mental pain and suffering, both past and future; and loss of enjoyment of life and society of ANTWOYNE.
4. That Plaintiff be awarded punitive damages against the Defendants.
5. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).
6. That Plaintiff receive any other further and general relief to which it may appear they are entitled.
7. A jury for the trial of this matter.

Respectfully Submitted,

s/s Sean Mulroney

No. 6196973
Sean Mulroney,
Attorney
661 W. Lake Street
Suite 2 South
Chicago, Illinois 60661

Office: 312-756-0011
Cell: 312-731-3197
seanmulroney@yahoo.com